| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **County of Hennepin** | Judicial District:   Fourth |
| | Case Type:   *Civil* |
| | Case Number: _____ |

| | |
|---|---|
| Frederick Harold Stinchfield III,<br>*Plaintiff*<br><br>v.<br><br>J.C. Christensen & Associates, Inc., and<br>James C. Christensen,<br>*Defendant* | **SUMMONS** |

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiff or his Attorney an answer to the complaint that is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so judgment by default will be taken against you for the relief demanded in the complaint.

Rule 114 of the Minnesota General Rules of Practice provides for use of alternative dispute resolution ("ADR") in most cases. The Court Administrator will provide notice of ADR processes after this action is filed.

Dated: 8 Sept 2012

*Gordon Hage*

Gordon Hage  No. 0387699
Attorney for Plaintiff,
Frederick Harold Stinchfield III

3637 Togo Road, Suite 417
Wayzata, Minnesota 55391
651.395.9556 (P)
888.588.1434 (F)
GHage@MadgettLaw.com

19



STATE OF MINNESOTA                          *DISTRICT COURT*

County of Hennepin              Judicial District:        Fourth

                                Case Type:                *Civil*

                                Case Number:              _____

---

Frederick Harold Stinchfield III,
*Plaintiff*

v.                                          **VERIFIED COMPLAINT**

J.C. Christensen & Associates, Inc., and            Demand for Jury Trial
James C. Christensen,            Yes  X    No  _____
*Defendant*

---

PLAINTIFF, as and for his causes of action against the above-named defendants states
and alleges as follows:

### Statement of Jurisdiction

1. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat.

   §484.01, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 k (d),

   and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3).

### Venue

1

2. Venue is proper pursuant to Minn. Stat. §542.09 because the events giving rise to Plaintiff's causes of action against Defendants occurred within the State of Minnesota and the County of Hennepin.

### Parties and Location of Tort

3. Plaintiff Frederick Stinchfield III is an adult resident of Hennepin County, Minnesota.

4. Defendant J.C. Christensen & Associates, Inc. is incorporated and has its primary place of business in the State of Minnesota.

5. Defendant James Christensen is the Chief Executive Officer of Defendant J.C. Christensen & Associates, Inc.

6. Plaintiff is informed and believes, and thereupon alleges, that at all relevant times Defendant James Christensen acted in both his capacity as an agent of J.C. Christensen & Associates, Inc., and in his personal capacity as an individual supervising agents and employees therein.

7. The above captioned corporate Defendant is properly registered to do business in the State of Minnesota.

8. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants engaged in the business of debt collection in the State of Minnesota and in the County of Hennepin.

9. The location of the tort occurred primarily at Plaintiff's home residence located in Hennepin County.

2

**Facts**

10. On information and belief, Defendants at all relevant times engaged in the collection of debts owed or asserted to be owed to another.

11. On or about the month of January 2012, Defendants began placing phone calls to Plaintiff's parents' home telephone (hereinafter "home phone") and Plaintiff's personal cellular telephone (hereinafter "cell phone").

12. During a number of such calls to Plaintiff's parents' home phone and cell phone, Defendants placed recorded messages on Plaintiff's electronic voice mail service (hereinafter "voice mail").

13. On information and belief, Defendants' calls to Plaintiff were for the purpose of collecting upon a debt alleged to be owed by Plaintiff to a third party.

14. Plaintiff's cellular telephone number is assigned to cellular telephone service for which Plaintiff incurs a per-call and per-minute usage charge for incoming calls.

15. At no point during its calls to Plaintiff did Defendants disclose to Plaintiff the amount of such alleged debt or the name of the alleged original creditor.

16. At no point during such calls did Defendants inform Plaintiff of Plaintiff's rights to dispute or obtain verification of the alleged debt.

17. During a number of calls to the Plaintiff's home phone, Defendants spoke to Frederick Stinchfield II and Cheryl Stinchfield.

3

18. Frederick Stinchfield II is Plaintiff's father.

19. Cheryl Stinchfield is Plaintiff's mother.

20. Defendant's representative identified himself as Cliff and stated that he needed to

   reach Plaintiff regarding an urgent business matter.

21. Defendants asked for additional ways to contact Plaintiff including Plaintiff's cell

   phone number.

22. During their continued calls, Defendants placed a call to Plaintiff's home telephone

   and spoke to Frederick Stinchfield II.

23. Frederick Stinchfield II is not a guarantor, subrogor, or party with privity to any

   contract or debt to which Defendants are a party.

24. During one such call, Defendants disclosed to Frederick Stinchfield II that Plaintiff

   allegedly owed a debt.

25. Plaintiff never gave consent for Defendants to contact third parties.

26. Plaintiff is informed and believes, and thereupon alleges, that no court has provided

   Defendants express permission to contact third parties in connection with Plaintiff's

   alleged debt.

27. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C.

   § 153 (32).

28. Defendant James C. Christensen is, and at all times mentioned herein was, a "person"

   as defined by 47 U.S.C. § 153 (32).

4

29. Defendant J.C. Christensen & Associates, Inc. is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153 (32).

30. On multiple occasions Plaintiff received, on the home phone and cell phone, continuous and repeated calls from numbers Plaintiff knew to be used by Defendants.

31. On numerous occasions Plaintiff received, on his cell phone and the home phone, calls from Defendants during which there were long pauses before a live representative joined the phone call or an automated voice asked Plaintiff to "please wait".

32. Plaintiff is therefore informed and believes, and thereon alleges, that on multiple occasions, all prior to the date this complaint was filed, Defendants contacted Plaintiff on Plaintiff's cell phone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A).

33. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes.

34. Plaintiff did not provide express consent to receive such calls on Plaintiff's cellular telephone.

35. On multiple occasions Plaintiff informed Defendants that it was placing calls to Plaintiff's cell phone and requested that Defendants cease calls to Plaintiff's cell phone.

36. After each occasion in which Plaintiff requested that Defendants stop calling Plaintiff's cell phone, Plaintiff continued to receive such calls thereafter.

5

## FIRST CAUSE OF ACTION

Harassment by a debt collector in violation of Fair Debt Collection Practices Act, 15

U.S.C. § 1692 d

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
though fully stated herein.

38. The alleged debt owed by Plaintiff to a third party original creditor is a "debt" as
defined by 15 U.S.C. § 1692 a (5).

39. Plaintiff was at all times mentioned herein a natural person allegedly obligated to pay
a debt, and thus a "consumer" as defined by 15 U.S.C. § 1692 a (3).

40. Defendants was at all relevant times attempting to collect a debt allegedly owed by
Plaintiff to a third party, and is therefore a "debt collector" as defined by 15 U.S.C. §
1692 a (6).

41. Defendants' telephone calls to Plaintiff are "communications" as defined by 15 U.S.C.
§ 1692 a (2).

42. Defendants on multiple occasions engaged in conduct which had the natural
consequence of harassing, oppressing, and abusing Plaintiff in violation of 15 U.S.C.
§ 1692 d.

6

43. Defendants called Plaintiff without meaningful disclosure of the caller's identity; each such call had the natural consequence of harassing, oppressing, and abusing Plaintiff and is a violation of 15 U.S.C. § 1692 d (6).

44. Defendants' continuous and repeated calls to Plaintiff had the natural consequence of which to harass, oppress, and abuse Plaintiff, in violation of 15 U.S.C. § 1692 d(5)

45. Defendants' repeated calls to Plaintiff's cell phone, for which Plaintiff incurs usage charges and per-call charges, had the natural consequence of which to harass, oppress, and abuse Plaintiff, in violation of 15 U.S.C. § 1692 d.

46. For each and every instance of such violations, Plaintiff is entitled to actual damages sustained as allowed by 1692 k (a)(1) and up to $1000 in additional damages under 1692 k (a)(2).

## SECOND CAUSE OF ACTION

False or misleading representations by a debt collector, in Violation of Fair Debt Collection Practices Act 15 U.S.C. § 1692 e

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendants made multiple false, deceptive, and misleading representations to Plaintiff, each such violation being a separate violation of 15 U.S.C. § 1692 e.

7

49. Defendants failed to disclose its identity in multiple calls and voice mail messages to

Plaintiff; each such incident was a false, deceptive, or misleading representation in

violation of 15 U.S.C. § 1692 e.

50. Defendants' representative used the name "Cliff" without disclosure of Defendants'

corporate identity; each such incident was a false, deceptive, or misleading

representation in violation of 15 U.S.C. § 1692 e.

51. Defendants failed to disclose in its initial contact with Plaintiff that Defendants was

attempting to collect a debt.

52. The failure to disclose such information is a violation of 15 U.S.C. § 1692 e.

53. For each such violation, Plaintiff is entitled to actual damages sustained under 15

U.S.C. §1692 k (a)(1) and up to $1000 in additional damages 15 U.S.C. §1692 k

(a)(2).

## THIRD CAUSE OF ACTION

Failure to provide validation of debts in violation of Fair Debt Collection Practices Act 15

U.S.C. § 1692 g

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

8

55. Defendants failed to provide notice to Plaintiff of the character of the alleged debt and Plaintiff's right to verification, as required by 15 U.S.C. § 1692 g.

56. As a result of these violations, Plaintiff is entitled to actual damages sustained under 15 U.S.C. §1692 k (a)(1) and up to $1000 in additional damages 15 U.S.C. §1692 k (a)(2).

## FOURTH CAUSE OF ACTION

Improper acquisition of location information by a debt collector in violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 b

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Defendants disclosed to a third party that Plaintiff allegedly owed a debt, in violation of 15 U.S.C. § 1692 b (2).

59. Defendants placed multiple calls to a third party in connection with Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692 b (3).

60. As a result of these violations, Plaintiff is entitled to actual damages sustained under 15 U.S.C. §1692 k (a)(1) and up to $1000 in additional damages 15 U.S.C. §1692 k (a)(2).

## FIFTH CAUSE OF ACTION

Improper communication by a debt collector in violation of Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 c (b)

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

62. Defendants placed calls to third parties in connection with the collection of Plaintiff's

debt.

63. Such calls to third parties were placed without Plaintiff's consent, without express

permission of a court of competent jurisdiction, and without reference to a

postjudgment judicial remedy, in violation of 15 U.S.C. § 1692 c (b)

64. As a result of these violations, Plaintiff is entitled to actual damages sustained under

15 U.S.C. §1692 k (a)(1) and up to $1000 in additional damages 15 U.S.C. §1692 k

(a)(2).

## SIXTH CAUSE OF ACTION

Nuisance (Minn. Stat. 561.01)

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

66. Defendants' repeated calling is highly disruptive and therefore injurious to health, indecent or offensive to the senses, and an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of Defendants' property.

67. Plaintiff is entitled to damages under Minn. Stat. 561.01.

## SEVENTH CAUSE OF ACTION

Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. Section 227 Et Seq.

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. Defendants negligently called Plaintiff's cell phone using an automatic telephone dialing system in violation of 47 U.S.C. § 227 et seq.

70. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

71. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## EIGHTH CAUSE OF ACTION

11

Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C.

Section 227 Et Seq.

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

73. Defendants knowingly and willfully called Plaintiff's cell phone using an automatic

telephone dialing system in violation of  47 U.S.C. § 227 et seq.

74. As a result of Defendants' knowing and/ or willful violations of 47 U.S.C. § 227 et

seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for

each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

227(b)(3)(C).

75. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the

future.

### Relief

WHEREFORE, Plaintiff respectfully asks for judgment against defendants in an

amount greater than $50,000.

Dated: 8 Sept 2012          Respectfully Submitted,

Gordon Hage

Gordon Hage, MN Lic. No. 0387699
3637 Togo Road, Suite 417
Wayzata, Minnesota 55391
651.395.9556 (P)
888.588.1434 (F)

12

GHage@MadgettLaw.com

Brianna Sadler, MN Lic. No. 390470
3637 Togo Road, Suite 417
Wayzata, Minnesota 55391
320.224.3489 (P)
888.588.1434 (F)
BSadler@MadgettLaw.com

MADGETT LAW, LLC
*Attorneys for Plaintiff*
*Frederick Harold Stinchfield, III*

13

### NOTICE AND ACKNOWLEDGEMENT OF SERVICE BY MAIL

State of Minnesota
County of Hennepin

To:  J.C. Christensen & Associates, Inc., 200 14th Ave E, Sartell MN 56377

The enclosed summons and complaint are served pursuant to Rule 4.05 of the Minnesota Rules of Civil Procedure.  **You must complete the acknowledgment part of this form and return one copy of the completed form to Madgett Law, 3637 Togo Road, Suite 417, Wayzata, MN 55391 (self addressed envelope included) within 20 days of the date of mailing appearing below.** If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

Signing this Acknowledgment of Receipt is only an admission that you have received the summons and complaint and does not waive any other defenses. If you do not complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. **This form is not an Answer to the Complaint.** If you fail to Answer, judgment by default will be taken against you for the relief demanded in the complaint.

If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

**I declare, under penalty of perjury,** that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on __September 21, 2012__, 2012.

_Gordon Hage_
Gordon Hage
Attorney for Plaintiff

### ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT

**I declare, under penalty of perjury,** that I received a copy of the summons and of the complaint in the above-captioned matter at 200 14th Ave E, Sartell MN 56377.

_____          _____
Signature                                Date of Signature

_____
Typed or Printed Name

_____
Relationship to Entity/ Authority to Receive Service of Process

17